UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BENJAMIN WHERRY, | ) | CASE NO. 4:08 CV 1407 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| COUNSELOR ODELL EARGLE, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Benjamin Wherry filed this action under 42 U.S.C. § 1983 against Elkton Federal Correctional Institution ("FCI-Elkton") Counselor Odell Eargle, Lieutenant Montgomery, and Property Officer Williams. In the complaint, plaintiff alleges that he has been denied access to the courts. He seeks injunctive relief.

**Background**

On May 2, 2008, Mr. Wherry was placed in the segregation unit of FCI-Elkton "for an alleged 201 infraction." (Compl. 2.) He contends that he attempted to retrieve his legal property on several occasions, but was denied access to it. He spoke with Lieutenant Montgomery on May 28, 2008 and inquired about his legal property. He was told the Lieutenant would speak to Property Officer Williams. Officer Williams informed him that he could not have his property until December. He indicates that he has immediate deadlines in the Sixth Circuit Court of Appeals

pertaining to case number 1:96 cr 86. Mr. Wherry claims that the defendants are harassing him and denying him access to the courts.

## Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

To state a claim for denial of access to the courts, plaintiff must demonstrate he suffered actual injury as a result of this policy. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Furthermore, the injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. *Id.; Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[1]

---

[1] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those

-2-

*Id.* at 355.

In support of claim, Mr. Wherry states that he has imminent deadlines in his criminal appeal. He does not state, however, what materials he is being denied and does not allege that he is being prevented from pursing a non-frivolous claim. To the contrary, the Court takes note of its own docket which reveals that Mr. Wherry was and currently is represented by counsel at all times during his criminal trial and his appeal. Several documents were filed on his behalf in the criminal case both before and after his filed this complaint. There is no indication that Mr Wherry is being denied access to the courts.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

     /s/ Patricia A. Gaughan
     PATRICIA A. GAUGHAN
     UNITED STATES DISTRICT JUDGE

Dated: 10/17/08

---

that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-3-